# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEMEIKA R RICHARDSON** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 21-1359 |
| | : | |
| **COMMISSIONER ANDREW M. SAUL** | : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                                                     **October 28, 2022**

      A woman disappointed with an administrative law judge's denial of her application for social security disability benefits objects to Judge Sitarski's recommendation we deny the woman's Petition for review and award of benefits. Our role is to evaluate the woman's four objections to Judge Sitarski's thoughtful recommendation and understand the nature of the woman's Petition seeking to reverse the decision of the administrative law judge and the Social Security Administration. We evaluated each of the woman's objections and arguments. We find they are evidence-based challenges to balanced findings of the administrative law judge after reviewing the entire record. We defer to those factual findings after confirming the administrative law judge considered all the evidence and made findings based on substantial evidence. We overrule the objections, adopt Judge Sitarski's recommendation, and deny the Petition for review.

I.  **Background**

Forty-six-year-old Kemeika Richardson claims a herniated disc, neuropathy, and depression rendered her disabled and unable to work since February 1, 2018.[1] Ms. Richardson applied for Social Security Disability Insurance and Supplemental Security Income with the Social Security Administration on March 22, 2018.[2] The Administration denied Ms. Richardson's application. Ms. Richardson requested a hearing with an Administrative Law Judge.[3] Administrative Law Judge Nycole Watson found a significant number of jobs where Ms. Richardson could work in the economy, Ms. Richardson could work, and she is not disabled.[4] Ms. Richardson appealed to the Appeals Council who denied her appeal.[5] The Appeals Council's January 27, 2021 denial of Ms. Richardson's request for review acts as the Social Security Commissioner's final decision.[6]

Ms. Richardson timely petitioned us for review of the Administration's denial and for an award of benefits.[7] We referred her petition to the Honorable Timothy R. Rice for a Report and Recommendation.[8] Both Ms. Richardson and the Administration briefed the issues before our Clerk of Court reassigned the matter to the Honorable Lynne A. Sitarski following Judge Rice's retirement.[9] Judge Sitarski issued a thirty-seven page opinion supporting her recommendation we deny Ms. Richardson's request for review, affirm the Social Security Commissioner's final decision, and enter judgment for the Administration.[10] Ms. Richardson objects to Judge Sitarski's extensive recommendation on four evidentiary grounds but does not object to the Report and Recommendation's factual and procedural history.[11]

II.  **Analysis**

Our review of Administrative Law Judge Judge Watson's decision is deferential. We are bound by Judge Watson's findings of fact if they are supported by substantial evidence in the

record.[12] Substantial evidence is "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate."[13] "[E]ven if the record could support a contrary conclusion, an [Administrative Law Judge's] decision will not be overruled so long as there is substantial evidence to support it."[14] "There is no requirement that the [Administrative Law Judge] discuss in [her] opinion every tidbit of evidence included in the record."[15]

We conduct a *de novo* review of Ms. Richardson's four objections to Judge Sitarski's recommendation: Administrative Law Judge Watson did not account for limitations in Ms. Richardson's ability to adapt; substantial evidence does not support finding Ms. Richardson's mental health improved; Judge Watson did not consider the impact of Ms. Richardson's fatigue; and, Ms. Richardson's ability to perform sedentary work with an alternating sit and stand option is not supported by substantial evidence.

### A. Administrative Law Judge Watson sufficiently accounted for limitations in Ms. Richardson's ability to adapt.

Ms. Richardson objects to Judge Sitarski finding Administrative Law Judge Watson sufficiently accounted for moderate limitations in her ability to adapt and manage oneself.[16] Ms. Richardson concedes Judge Watson agreed with the State Agency reviewer, George Ondis, Ph.D., finding Ms. Richardson's ability to adapt and manage herself is moderately limited.[17] Ms. Richardson contends Judge Watson failed to include a limitation reflecting Ms. Richardson's moderate limitation in adapting and managing oneself in her residual functional capacity determination.[18]

An Administrative Law Judge has an obligation to consider all of claimant's impairments throughout the residual functioning capacity assessment.[19] Judge Watson found Ms. Richardson has a moderate limitation for adapting and managing oneself:

As for adapting or managing oneself, the claimant has experienced a moderate limitation. The claimant reported no difficulty in daily activities due to mental symptoms. She prepares light meals such as frozen dinners and sandwiches (Exhibit B5E). The claimant reported she is able to bathe and dress herself with the exception of needing some help in putting her shoes on. She no longer engages in household cleaning tasks, stating that her children do that for her. She does cook light meals a well as uses the microwave (Exhibit 17F).[20]

The adapting and managing oneself "area of mental functioning addresses a person's ability to regulate emotions, control behavior and maintain well-being in a work setting."[21] Administrative Law Judge Watson found Ms. Richardson's "mental impairments have been considered in the limitation to only occasional interaction with the general public, coworkers, and supervisors in a low stress environment, defined as no frequent independent decision making or frequent judgment required."[22] Ms. Richardson's moderate limitations in adapting and managing oneself are accounted for in the limitation addressing Ms. Richardson's mental impairments because adapting and managing fall within a person's "mental functioning."

Judge Watson partially attributed Ms. Richardson's mental functioning impairments to her physical pain which improved over time.[23] Judge Watson did not err in failing to account for Ms. Richardson's moderate limitation to adapt or manage oneself.

**B.  Administrative Law Judge Watson's finding Ms. Richardson's mental health improved is supported by substantial evidence.**

Ms. Richardson objects to Judge Sitarski's recommendation deferring to Administrative Law Judge Watson's finding her mental condition improved.[24] We overrule the objection and find substantial evidence supports Judge Watson's finding Ms. Richardson's mental condition improved.

Administrative Law Judge Watson relied on Ms. Richardson's mental health records to find her mental health improved.[25]  Ms. Richardson's May 2018 medical record reports Ms. Richardson's compliance with therapy and progress in building coping skills.[26] Ms. Richardson's

4

May 2019 medical records explain her depressive symptoms no longer affected her engagement, she attended appointments more regularly, and took medication as prescribed.[27] Other medical records show Ms. Richardson's depression and Post Traumatic Stress Disorder symptoms "seem to be exacerbated by [her] physical health challenges including physical pain" but her August 2018 surgery largely resolved those physical ailments.[28] Ms. Richardson argues she still had goals of "maintain[ing] meaningful, purposeful activities" in support of her minimal improvement.[29] Ms. Richardson contends these improvements do "not indicate an ability to engage in the mental demands of work."[30] Judge Watson found Ms. Richardson's "mental impairments have been considered in the limitation to only occasional interaction with the general public, coworkers, and supervisors in a low stress environment, defined as no frequent independent decision making or frequent judgment required."[31]

Administrative Law Judge Watson's finding Ms. Richardson's mental condition improved is supported by specific examples offering substantial evidence.

### C. Administrative Law Judge Watson considered the impacts of Ms. Richardson's fatigue.

Ms. Richardson next objects to Judge Sitarski's recommendation we affirm Administrative Law Judge Watson's assessment of how fatigue affects Ms. Richardson.[32] She argues Judge Watson did not "mention most of the evidence concerning difficulties with drowsiness and medical record references to Plaintiff's complaints."[33] We find Judge Watson's assessment of her fatigue adequate.

Our review of Judge Watson's decision is deferential, and we will not disturb an her finding even if there is evidence to the contrary.[34] Judge Watson specifically acknowledged Ms. Richardson's "sleep difficulty."[35] Judge Watson discussed Ms. Richardson's medications and its drowsiness side effects at the hearing.[36] Ms. Richardson testified she is "constantly drowsy" but

5

also testified her "concentration is a little better when I take my medication."[37] Judge Watson found Ms. Richardson's "medications help with her sleep difficulty, anxiety and depression" and "her concentration is better."[38] Ms. Richardson objects to how Judge Watson considered her fatigue arguing there is other "evidence concerning difficulties with drowsiness."[39]

Contrary evidence does not negate an Administrative Law Judge's finding.[40] Judge Watson's acknowledgment of Ms. Richardson's sleep difficulties and the fact her concentration is improved with medication is "relevant evidence that a reasonable mind might accept as adequate."[41]

We will not overturn Judge Watson's review of Ms. Richardson's fatigue and factual findings even if the record could support a different conclusion.[42]

    **D.    Administrative Law Judge Watson's finding Ms. Richardson could perform sedentary work with an alternating sit and stand option is supported by substantial evidence.**

Ms. Richardson lastly objects to Judge Sitarski recommending we affirm Administrative Law Judge Watson's determination Ms. Richardson could perform sedentary work with a sit/stand option is supported by substantial evidence. Ms. Richardson specifically disputes "[t]he ALJ [Watson] was entitled to discount Plaintiff's claim that she must walk every 15 minutes based on the fact that, by her own admission, she had significant limitations on her ability to walk and stand."[43] Judge Watson found Ms. Richardson can perform sedentary work if she is permitted to alternate between sitting and standing at the work station for five minutes twice an hour.[44] We agree with Judge Watson's finding substantial evidence supports Ms. Richardson could perform sedentary work with a sit/stand option.

Judge Watson disagreed with Ms. Richardson's claim "she needed to get up and move around every 15 minutes through the work day" and instead found she could perform sedentary

work and "may need to ambulate with a cane and needed to alternate sitting and standing at the workstation for five minutes twice an hour."[45] Judge Watson relied on substantial evidence: Ms. Richardson "walk[ed] with a cane for 15-20 minutes, two to three times a week for exercise by October 2018 . . . and noted her leg pain had almost resolved entirely"; the lack of severity of Ms. Richardson's pain in her right leg prevented her to elect to under a hardware removal surgery; Ms. Richardson's doctor noted improvement in symptoms post her August 2018 surgery; Mr. Richardson testified she can only stand for ten minutes and walk one to two blocks; and, Ms. Richardson testified she had been looking for sedentary work.[46]

Ms. Richardson cites to only one medical record after her August 2018 surgery and the record does not reflect a need for Ms. Richardson to walk around every fifteen minutes.[47] Administrative Law Judge Watson found the record did not support Ms. Richardson's allegation she needed to walk every fifteen minutes because frequent walking is contrary to the Ms. Richardson's testimony she can only stand ten minutes and walk one to two blocks.[48]

Judge Watson's decision Ms. Richardson could perform sedentary work with a sit/stand option is supported by substantial evidence.

### III. Conclusion

We overrule Ms. Richardson's objections, approve and adopt Judge Sitarski's Report and Recommendation, and deny Ms. Richardson's petition for review.

---

[1] Administrative Record ("R.") 40, 230.

[2] R. 119–20.

[3] R. 131–34.

---

[4] R. 27.

[5] R. 1–7.

[6] *Id.* The decision is ripe for judicial review under 42 U.S.C. 405(g).

[7] ECF Doc. No. 1.

[8] ECF Doc. No. 8.

[9] ECF Doc Nos. 13, 14, 17, 18.

[10] ECF Doc. No. 19.

[11] ECF Doc. No. 20.

[12] *Miller v. Comm'r of Soc. Sec.*, 719 F. App'x 130, 132 (3d Cir. 2017) (citing *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (quoting *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000)).

[13] *Miller*, 719 F. App'x at 132 (citing *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999)).

[14] *Zerr v. Colvin*, No. 14-4428, 2016 WL 1658316, at *1 (E.D. Pa. Apr. 27, 2016) (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 118 (3d Cir. 2000)). *See also* 42 U.S.C. 405(g).

[15] *Hur v. Barnhart*, 94 F. App'x. 130, 133 (3d Cir. 2001); *see also Schmidt v. Comm'r of Soc. Sec.*, No. 12–06825 SDW, 2013 WL 6188442, at *6 (D.N.J. Nov. 25, 2013).

[16] ECF Doc. No. 21 at 1.

[17] ECF Doc. No. 13 at 9.

[18] ECF. Doc. No. 21 at 2.

[19] 20 C.F.R. § 404.1523(c).

[20] R. 20.

[21] *Blake v. Kijakazi*, 2022 WL 117765, at *4 (E.D. Pa. Jan. 12, 2022) (citing 20 C.F.R. Pt. 404, Subpart P, Appendix 1, § 12.00(E)(4)).

[22] R. 25.

[23] R. 23.

[24] ECF Doc. No. 21 at 4.

[25] R. 23.

[26] R. 582.

[27] R. 1612.

[28] R. 852.

[29] ECF Doc. No 21 at 4 (citing R. 1612).

[30] ECF Doc. No. 21 at 3.

[31] R. 25.

[32] ECF Doc. No. 21 at 4.

[33] *Id.*

[34] *Zerr*, 2016 WL 1658316, at *1 (citing *Burnett*, 220 F.3d at 118). *See also* 42 U.S.C. 405(g).

[35] R. 21.

[36] R. 68.

[37] *Id.*

[38] R. 21.

[39] ECF Doc. No. 21 at 4 (citing R. 530, 1543, 1544, 1616, 1628, 1644, 1650, 1693).

[40] *See Zerr*, 2016 WL 1658316, at *1.

[41] *Id.*

[42] *See id.*

[43] ECF Doc. No. 19 at 18.

[44] R. 20–21.

[45] *Id.*

[46] R. 2074–75, 2131–2132, 24–25, 52, 48.

[47] *See* R. 1601.

---

[48] R. 24.